**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**CARL D. GASKIN,**
      **Plaintiff,**

**vs.**                       **Case No. 5:10cv44/SPM/MD**

**OFFICER BEASLEY, et al.,**
      **Defendants.**

_____

## O R D E R

      This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. 6).  From a review of the amended complaint, it is evident that the facts as presented fail to support a viable § 1983 claim against one or more of the named defendants.  It is further evident that plaintiff cannot recover the relief he seeks.  The court will therefore provide plaintiff an opportunity to clarify his allegations and modify his demand for relief in an amended complaint.

      At the time plaintiff commenced this lawsuit, he was an inmate of the Florida penal system confined at Calhoun Correctional Institution ("Calhoun CI").  (Doc. 1).  He has since been released.  (Doc. 17).  His amended complaint names four defendants, all prison officials at Calhoun CI: Senior Licensed Practical Nurse W. Mathews, Colonel John McAlpin, Correctional Officer W. Abbott, and Senior Licensed Practical Nurse Ziegler.  All defendants are sued in their individual and "professional," (*i.e.*, official) capacities.  (Doc. 6, p. 6O).  Plaintiff's claims stem from a slip and fall accident that occurred in the food service kitchen of Calhoun CI on March 13, 2009. Plaintiff asserts that defendants McAlpin and Abbott were deliberately indifferent to a substantial risk of serious harm posed by working conditions in the kitchen, specifically the lack of rubber safety mats.  As a result,

plaintiff slipped, fell and injured his right femur.  Plaintiff further asserts that defendants Mathews and Zeigler exhibited deliberate indifference in responding to plaintiff's pain and injury.  As relief, plaintiff seeks injunctive relief and monetary damages.

The court will first address plaintiff's demand for relief.  Plaintiff requests injunctive relief in the form of ordering the defendants to place rubber mats in the Calhoun CI kitchen and to provide continued medical care to plaintiff.  However, because plaintiff has been released from Calhoun CI and is no longer in DOC custody, these claims are moot.  No order from this court requiring the defendants to act as plaintiff requests could have any effect.  Furthermore, since there appears no reason to believe that plaintiff will again be confined at Calhoun CI under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply.  *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state  prison mooted claims for injunctive and declaratory relief against county jailers).  Accordingly, plaintiff must amend his complaint to remove these mooted claims.

In addition, plaintiff's claims for monetary damages against the defendants in their official capacities are subject to dismissal.  It is well settled that a plaintiff may not bring a § 1983 action for monetary damages against a state, state agency, or state officials in their official capacities, because neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 LED.2d 45 (1989).  Furthermore, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh

Amendment prohibits a damages suit brought by a private individual against a state in federal court. *Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Accordingly, these claims, too, must be removed from plaintiff's amended complaint.

As to the substance of plaintiff's claims, in any section 1983 action the initial inquiry must focus on whether two essential elements are present:

1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

As the Eleventh Circuit explained in *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), the Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions:

First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme." *Id*. at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id*. at 35, 113 S.Ct. at 2481. Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36, 113

S.Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive [d] ... of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399.

*Chandler*, 379 F.3d at 1289-90.

The second part of the two-part analysis is the "subjective component:"

[T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: " [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90.

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. *See Daniels v. Williams, supra.* To amount to a violation of the Constitution, the official's actions must be deliberate or reckless in the criminal sense. *See Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

Thus, in order to hold defendants McAlpin and Abbott liable under the Eighth Amendment, plaintiff must show that the lack of rubber mats on the kitchen floor posed a substantial risk of serious harm to inmate safety, and that these defendants knew of, and disregarded that risk by conduct that is more than negligence. Plaintiff's allegations do not make this showing. Courts have regularly held that slip and fall accidents do not give rise to federal causes of action. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even

where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *see also Bacon v. Carroll*, 232 Fed. Appx. 158, 160 (3rd Cir. Apr.30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); *Beasley v. Anderson*, 67 Fed. Appx. 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 Fed. Appx. 104 (5th Cir. 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Davis v. Corrections Corp. of America*, No. 5:07cv279/RS/EMT, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (holding that plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation).

Here, plaintiff alleges generally that it is well known throughout the food service industry that commercial kitchens are hazardous places with high potential for slip and fall accidents. But these general allegations are not enough to raise plaintiff's claim above the level of negligence. Plaintiff's case does not present sufficiently special or unique circumstances that require a departure from the general rule barring Eighth Amendment

liability in prison slip and fall cases.[1]

Furthermore, plaintiff's claim that defendant Abbott violated the Eighth Amendment on March 16, 2009 by refusing to provide a bag lunch, does not state a plausible constitutional claim. Plaintiff alleges vaguely: "Officer Reed went back into the office and called Officer Abbott, and/or the other staff who were well advised of Plaintiff Gaskin['s] condition and requested a 'bag lunch' for the Plaintiff, and why. She was flatly refused." (Doc. 6, p. 6G). Plaintiff admits he was not present in Officer Reed's office when the call was made, and concedes that it may have been "other staff" who refused the bag lunch. Even if it was defendant Abbott, plaintiff does not allege the specific information to which Abbott was made privy. It had been three days since Abbott's last contact with plaintiff. Plaintiff's allegation that Abbott was given a reason for Officer Reed's request (*i.e.*, that he was told "why" Reed was requesting a bag lunch), is too vague to establish that Abbott knew that requiring plaintiff to go to the dining hall instead of providing a bag lunch posed a substantial risk of serious harm to plaintiff's health.

With regard to plaintiff's deliberate indifference claims against defendants Nurse Mathews and Nurse Zeigler, he is advised that to the extent he takes issue with their unsympathetic attitudes and verbal threats, such behavior does not rise to the level of a constitutional violation. *See, e.g., Hernandez v. Florida Dep't of Corrections*, 2008 WL 2345142, at *2 (11th Cir. June 9, 2008) (unpublished opinion) (holding that prisoner's allegations of verbal abuse and threats by prison officers did not state a claim because the defendants never carried out their threats, and verbal abuse alone is insufficient to state a constitutional claim); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (rejecting a claim that jailers "violated their duty of protection or deprived the petitioner of his constitutional rights" based on threats from adult inmates, even if the threats were distressing). Similarly, the fact that they "stood idle" while other inmates assisted plaintiff

---

[1]Additionally, for plaintiff to overcome a defense of qualified immunity, he would be required to show that the law was clearly established in 2009 that the failure to provide rubber mats in a prison kitchen violated the Eighth Amendment. In light of the numerous cases from other circuits holding that the Eighth Amendment does not apply to prison slip and fall incidents, the court would be constrained to conclude that the Eighth Amendment right allegedly violated by defendants was not clearly established at the time of plaintiff's accident.

with getting in and out of a wheelchair, does not rise to the level of an Eighth Amendment violation. Nor does defendant Zeigler's requiring plaintiff to use crutches instead of a wheelchair during his admittedly "short" wait in the medical department's waiting room on March 16, 2009. (Doc. 6, p. 6H). Unless plaintiff can establish that these defendants knew of, and disregarded an excessive risk to plaintiff's health, he should remove these defendants from his amended complaint.

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff decides not to proceed with this action, he should file with the court a notice of voluntary dismissal. If plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and

exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court shall forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. The plaintiff shall have **twenty-eight (28) days** from the date of this order in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court form as instructed above. Failure to submit an amended complaint as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 18th day of November, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**